# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARIA ESPARRAGUERA,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF THE ARMY, *et al.*,<br><br>*Defendants.* | Civil Action No. 22-1109 (TJK) |

## PLAINTIFF MARIA ESPARRAGUERA'S
## RESPONSE TO THE ORDER TO SHOW CAUSE

Plaintiff Maria Esparraguera respectfully submits this response to the Court's April 26, 2022 Order to show cause why the complaint in this action should not be dismissed in light of this Court's decision in *Esparraguera v. Department of the Army, et al.* (No. 21-cv-421) (the "First Action"). In that First Action, this Court dismissed Ms. Esparraguera's statutory claims as foreclosed by the Civil Service Reform Act of 1978, Pub. L. 95-454, 92 Stat. 1119, codified at 5 U.S.C. § 1101 *et seq.*, *see* First Action Dkt. 28 at 4-5, and rejected her constitutional claims on the merits, *see id.* at 6-9. Ms. Esparraguera filed a notice of appeal in that action on May 20, 2022. *See* First Action Dkt. 29. The current action was filed to ensure the court of appeals can and will reach this Court's actual grounds for dismissal by eliminating an alternative argument—an exhaustion argument rejected by this Court—the government has characterized as jurisdictional. The new complaint eliminates that argument by alleging that Ms. Esparraguera sought and was denied relief at the Office of Special Counsel.

While the new complaint otherwise stands or falls together with the First Action, the Court's disposition of this case can assist the D.C. Circuit by eliminating unnecessary procedural

complexity. In particular, if the Court dismisses the complaint in this case on the same grounds as the First Action, Ms. Esparraguera will appeal this case and ask the D.C. Circuit to consider this case together with her appeal of the First Action. That will afford the court of appeals at least one appeal in which it can reach this Court's actual grounds for decision without confronting the impediment of an exhaustion argument. While Ms. Esparraguera adheres to and preserves her position that she has properly pleaded a claim, this Court came to the opposite view. Insofar as the Court adheres to that view, dismissing this case on the same grounds as the First Action will promote judicial economy by ensuring the D.C. Circuit a prompt and unencumbered opportunity for appellate review of this Court's judgments.

## RESPONSE

Ms. Esparraguera filed the First Action on February 17, 2021, to challenge her removal from the Senior Executive Service. *See* First Action Dkt. 1. In response, the government argued (among other things) that Ms. Esparraguera had not exhausted administrative remedies. *See* First Action Dkt. 18-1 at 12-16. According to the government, Ms. Esparraguera was required to file a complaint with the Office of Special Counsel ("OSC") before seeking judicial relief. *Id.* The failure to do so, the government argued, "le[ft] this Court without jurisdiction." *Id.* at 16. This Court rejected that argument. *See* First Action Dkt. 28 at 7. It dismissed Ms. Esparraguera's complaint on other grounds. *See id.* at 5, 7-9.

Nonetheless, before the Court issued that decision—in an abundance of caution—Ms. Esparraguera filed a complaint with OSC. *See* First Action Dkt. 26 at 1. Again before the Court issued its decision in the First Action, OSC closed that complaint without taking or seeking corrective action. *Id.* Ms. Esparraguera promptly informed the Court of the outcomes before OSC and further notified the Court that she intended to "file a new, materially similar complaint

alleging the same claims based on the same underlying events, with additional factual assertions regarding OSC's processing of Plaintiff's allegations." *Id.* at 2. That new complaint, she advised, would eliminate the government's exhaustion argument. *See id.* at 1-2.

Before Ms. Esparraguera filed the new action, however, the Court dismissed the First Action. *See* First Action Dkt. 28. Ms. Esparraguera appealed that dismissal on May 20, 2022. *See* First Action Dkt. 29. In that appeal, the government may (yet again) raise its administrative exhaustion argument. The court of appeals could also raise the issue *sua sponte* insofar as it deems exhaustion "'a jurisdictional prerequisite to suit.'" First Action Dkt. 28 at 7.[1] If the court of appeals were to accept that argument, of course, it would not reach the merits of this Court's decision, the actual grounds on which this Court ruled. That raised the risk that Ms. Esparraguera would find herself back where she started following any appeal. Having sought and been denied relief at OSC, she would need to file a new complaint alleging exhaustion; await dismissal in this Court; and appeal once again to obtain a decision on the merits.

The current action was filed to avoid that potential for delay and ensure the court of appeals can address this Court's actual grounds for dismissal. The additional details in the current complaint regarding Ms. Esparraguera's pursuit of administrative relief before OSC confirm that she satisfied any putative requirement of pursuing a complaint with OSC before seeking judicial relief. *See* Dkt. 1 ¶¶ 207-212. If this Court dismisses this case on the same grounds as the First Action, Ms. Esparraguera will appeal that dismissal as well and will ask that the dismissal in this case and the dismissal in the First Action be considered together or

---

[1] That Ms. Esparraguera had sought and been denied review at OSC *after* filing the First Action might not be sufficient to overcome a jurisdictional objection to the First Action. Jurisdiction ordinarily must exist when the complaint is filed, *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 571 n.4 (1992), and rests on the facts alleged in the operative complaint, *Am. Nat'l Ins. Co. v. F.D.I.C.*, 642 F.3d 1137, 1139 (D.C. Cir. 2011).

3

otherwise consolidated on appeal. That will ensure that the court of appeals has before it at least one case that is not encumbered by an argument about exhaustion (rejected by this Court) that the government characterizes as jurisdictional. *Cf. Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645 (10th Cir. 1988); *Doumit v. Coldwell Banker Realtors*, 135 F. App'x 543, 543 & n.1 (3d Cir. 2005) (per curiam).

Ms. Esparraguera, of course, respectfully contends that the First Action should not have been dismissed and respectfully disagrees with the Court's grounds for dismissal. For avoidance of doubt, Ms. Esparraguera adheres to her position that neither the First Action nor this one is properly dismissed on the grounds the Court gave in the First Action. If those grounds are incorrect, dismissal here must be error as well. But Ms. Esparraguera recognizes that the Court has ruled, and that the grounds this Court asserted for dismissing the First Action apply with equal force to this complaint as well. Insofar as the Court adheres to the ruling in the First Action, the result in this case would be no different. Indeed, precisely because the Court's grounds for dismissal would apply equally to the First Action and this case, Ms. Esparraguera will ask the D.C. Circuit to review this Court's decision in the First Action together with any dismissal in this case. Doing so will promote judicial economy by allowing the court of appeals to reach the merits of dismissal without the hindrance of unnecessary arguments about administrative exhaustion.

In hindsight, counsel should have apprised the Court of all the above by some sort of notice contemporaneous with the filing of the complaint. Counsel apologizes for any inconvenience or burden that resulted from the failure to do so.

Dated: May 23, 2022                                  Respectfully submitted,

*[signature]*

Christopher J. Keeven #993971
Shaw, Bransford & Roth, P.C.
1100 Connecticut Avenue, NW, Suite 900
Washington, D.C. 20036
Tel: 202-463-8400
Fax: 202-833-8082

*Counsel for Plaintiff Maria Esparraguera*