

**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
(202) 804-7000
www.osc.gov

December 17, 2021

Ms. Maria Esparraguera
c/o Christopher Keeven, Esq.
Shaw, Bransford & Roth, P.C.
1100 Connecticut Avenue NW, Suite 900
Washington, DC 20036

*Sent via email to:* ckeeven@shawbransford.com

Re: OSC File No. MA-21-002161

Dear Ms. Esparraguera,

This letter responds to the complaint you filed with the U.S. Office of Special Counsel (OSC) alleging that officials at the Department of the Army (DA) committed prohibited personnel practices. We recognize that your current complaint arises from events that occurred years ago, and challenging the personnel actions at issue has been a frustrating process. OSC has reviewed your complaint in light of the legal elements required to prove your allegation, and below are our preliminary findings.

Your OSC complaint concerns personnel actions DA took against you in 2018 following a previous OSC investigation, as well as a related DA investigation, in which you were the subject official. We understand that you received a letter of reprimand, an Unsatisfactory performance rating for 2017, and you were removed from the senior executive service (SES) and placed in a GS-15 position. You allege that DA failed to follow prescribed procedures in issuing your performance rating, and that your removal from the SES deprived you of a property interest without due process in violation of the Fifth Amendment to the U.S. Constitution. You are currently litigating these claims in U.S. District Court.

As you are likely aware, Merit Systems Protection Board and OSC lack the authority to consider your constitutional arguments.[1] Further, we understand that the reprimand you received already has been removed from your personnel file, so even if a prohibited personnel practice occurred in its issuance, no corrective action is available. Consequently, OSC limited its investigation to your allegation that DA made procedural errors in issuing your 2017 performance rating.

---

[1] Arguably, your removal from the SES pursuant to 5 U.S.C. § 3592(a)(2) could be considered a personnel action taken in violation of your due process rights under the Fifth Amendment to the U.S. Constitution, and thus a violation of 5 U.S.C. § 2302(b)(12), because the statutory scheme provides little opportunity to challenge such an action. However, OSC interprets this aspect of your complaint to be primarily a facial challenge to the statute because it appears the statutory scheme was followed in your case. Therefore, we do not address it further.

| Dallas, TX Field Office | Detroit, MI Field Office | San Francisco, CA Field Office |
|---|---|---|
| P.O. Box 793771 | P.O. Box 760395 | P.O. Box 170023 |
| Dallas, TX 75379 | Lathrup Village, MI 48076 | San Francisco, CA 94117 |
| Telephone: (214) 974-7075 | Telephone: (313) 335-8085 | Telephone: (510) 598-2065 |



**U.S. Office of Special Counsel**
MA-21-002161
Page 2

You allege that DA failed to follow its Civilian Senior Executive Performance Management and Discipline Process ("policy"), which sets forth the procedure for rating a member of the SES about whom an investigation has substantiated findings of wrongdoing. In pertinent part, the policy states that the executive's rating official will issue an initial summary rating, which then goes to the Professional Review Board (PRB) for review. If the PRB recommends the rating be lowered to anything less than Fully Successful, then the executive's "Command/Organization" will have the opportunity to weigh in before the recommended rating is sent to the Secretary of the Army, or his delegee, and finalized. In your case, your rating official gave you an initial summary rating of Outstanding, even after learning of the investigative findings.[2] The PRB, which you allege met "in secret," recommended lowering your rating to Unsatisfactory, but did not allow your "Command/Organization" to submit written comments before sending its recommendation to then-Under Secretary Ryan McCarthy,[3] who finalized the Unsatisfactory rating. You believe your "Command/Organization" would have disagreed with the PRB's recommendation, which could have resulted in your receiving a higher rating and potentially remaining in the SES.[4] After learning of the PRB's recommendation, you immediately challenged the process, and DA allowed you to submit a request for reconsideration to Under Secretary McCarthy, but it was denied.[5]

OSC considered whether your allegations show a violation of 5 U.S.C. § 2302(b)(12), which prohibits agency officials from taking or failing to take any personnel action if doing so violates any law, rule, or regulation implementing, or directly concerning, the merit system principles enumerated in 5 U.S.C. § 2301. The policy at issue likely amounts to a "rule" under the statute, and it implements the merit system principles providing that federal employees "should be retained on the basis of the adequacy of their performance, inadequate performance should be corrected, and employees should be separated who cannot or will not improve their performance to meet required standards," and "should receive fair and equitable treatment . . . with proper regard for their . . . constitutional rights," such as due process. *See* 5 U.S.C. § 2301(b)(2), (b)(6). Failure to follow the steps outlined in the policy would constitute a violation of 5 U.S.C. § 2302(b)(12).

Although the evidence suggests that you may be able to show a violation of 5 U.S.C. § 2302(b)(12), OSC declines to take further action in this matter. OSC is an agency of limited resources and is unable to pursue every claim that may ultimately warrant potential corrective action. We note that the corrective action you desire, *i.e.*, a return to the SES, may not result from obtaining *status quo ante* relief for the prohibited personnel practice at issue. The DA would only need to follow the prescribed process before issuing you a new rating, even if that rating remained low. We also note that in this instance, you have the opportunity to obtain relief in another forum. Thus, we intend to close our file.

For the reasons detailed above, OSC plans to take no further action on this complaint. We understand that our determination regarding your allegations may not be the outcome you wanted, and we want to make sure you have a chance to weigh in on our analysis if you choose to do so. You have 13 days from the date of this letter to submit written comments or additional evidence addressing the issues raised in this letter. Please submit any such information to me at the above

---

[2] You maintain that OSC's findings in the underlying investigation were erroneous.
[3] *See Esparraguera v. Dep't of the Army*, 981 F.3d 1328, 1333 (Fed. Cir. 2020).
[4] Members of the SES who receive a rating of Unsatisfactory must either be transferred within the SES or removed from the SES. 5 U.S.C. § 4314(b)(3).
[5] The policy does not provide for requests for reconsideration.

**U.S. Office of Special Counsel**
MA-21-002161
Page 3

listed address or via email to cmartorana@osc.gov. OSC will consider your response before making a final decision. If we do not receive a timely response, we will close this case and notify you of any additional rights you may have. Thank you for bringing these allegations to OSC's attention.

Sincerely,

Carolyn S. Martorana
Attorney