

**SHAW BRANSFORD & ROTH** P.C.
*Attorneys at Law*
1100 Connecticut Avenue NW Suite 900
Washington DC 20036
Tel 202.463.8400   www.shawbransford.com   Fax 202.833.8082

December 30, 2021

Ms. Carolyn S. Martorana
U.S. Office of Special Counsel
1730 M Street NW, Suite 218
Washington, DC 20036-4505
cmartorana@osc.gov

Re: Written Comments to Preliminary Determination in OSC File No. MA-21-002161.

Dear Ms. Martorana:

This letter is in response to your December 17, 2021 letter providing OSC's preliminary determination to "take no further action on this complaint."

Pursuant to 5 U.S.C. § 1214(a)(1)(D), Ms. Maria Esparraguera provides the below written comments, and requests that you seek corrective action on her behalf.

1. Ms. Esparraguera's complaint to OSC alleges constitutional due process violations, as well as statutory and policy violations, both before and after her removal from the SES. OSC's preliminary determination states that the "Merit Systems Protection Board and OSC lack the authority to consider [her] constitutional arguments." The Department of Justice, however, has taken the opposite position. In its Motion to Dismiss Ms. Esparraguera's district-court action, the Department of Justice (representing Army) asserted that OSC not only *can* address Ms. Esparraguera's constitutional claims, but *must* be given the opportunity to address those claims before they can be raised in federal district court. *See* Motion to Dismiss pp. 13-16, *Esparraguera v. Department of the Army*, No. 21-cv-00421, ECF #18-1 (D.D.C. filed July 2, 2021); Reply in Support of Motion to Dismiss pp. 7-8, 11-12, ECF #24 (D.D.C. filed October 15, 2021). Indeed, Ms. Esparraguera filed the instant OSC complaint precisely because the Department of Justice insisted that OSC can consider her constitutional arguments. This intra-government inconsistency should be resolved in Ms. Esparraguera's favor. OSC should use its authority to seek appropriate corrective action (Ms. Esparraguera's reinstatement to the SES) for Army's constitutional, statutory, and policy violations.

2. OSC's preliminary determination recognizes that "the evidence suggests that [Ms. Esparraguera] may be able to show a violation of 5 U.S.C. § 2302(b)(12)," because Army failed to follow required procedures when it gave her the Level 1 "Unsatisfactory" rating that led to her removal from the SES. The preliminary determination nonetheless states that OSC is exercising its discretion to decline further action. One of the reasons OSC



Ms. Carolyn S. Martorana
U.S. Office of Special Counsel
December 30, 2021
Page 2

offered is that OSC believes that *status quo ante* relief may not result in Ms. Esparraguera's "return to the SES." We disagree. Ms. Esparraguera's removal from the SES was predicated entirely on the unlawfully obtained Level 1 rating. OSC's preliminary determination recognizes this fact, stating that the Army would "need to follow the prescribed process before issuing [Ms. Esparraguera] a new rating." In order to follow the prescribed process and issue Ms. Esparraguera a new rating, the prior Level 1 rating (the sole basis for her removal) would need to be canceled, as would her subsequent removal from the SES based on that unlawfully obtained rating. This would necessarily result in her reinstatement to the SES. In short, because the process that led to her removal from the SES was unlawful and rendered her removal unlawful, *status quo ante* relief would result in Ms. Esparraguera's reinstatement to the SES.

3. In addition, there is no basis to assume that the result of a reconstituted process would be unfavorable to Ms. Esparraguera. To the contrary, there is every reason to believe that, if Ms. Esparraguera were afforded a proper process, she would *not* receive a low rating or be removed from the SES. In a reconstituted process, Ms. Esparraguera would benefit from:

   a. Proper review and comment by her Command/Organization (the Office of the Judge Advocate General) of any PRB recommendation to lower her initial Level 5 "Outstanding" rating below Level 3 "Fully Successful." As OSC noted in its preliminary determination, Major General Risch—who became the Judge Advocate General of the Army in July 2021—previously declined to alter his Level 5 "Outstanding" rating of Ms. Esparraguera, despite being told by Army that OSC found that Ms. Esparraguera committed a PPP.

   b. Ms. Esparraguera's statutory rights to a response and higher-level review before her rating becomes final pursuant to 5 U.S.C. § 4312(b)(3). Ms. Esparraguera was not afforded those rights when Army assigned her the prior Unsatisfactory rating.

   c. The results of Army's independent internal investigation—released to Ms. Esparraguera only after she was ordered removed from the SES—which determined that Ms. Esparraguera did *not* commit a PPP as alleged by OSC. That internal investigation resulted in only a written reprimand (which has since been removed from her personnel file). The internal investigation and its findings contradict the sole basis for the Level 1 rating and Ms. Esparraguera's removal from the SES based on that Level 1 rating.

Additionally, the official who ordered Ms. Esparraguera removed from the SES, then-Under Secretary of the Army Ryan D. McCarthy, resigned as part of the change in administration on January 20, 2021. There is no reason to assume that Mr. McCarthy's successor would reach the same result, particularly given the additional information a properly conducted process would provide.

Ms. Carolyn S. Martorana
U.S. Office of Special Counsel
December 30, 2021
Page 3

4. Finally, OSC asserts that one reason for not using its authority to seek corrective action is because Ms. Esparraguera has "the opportunity to obtain relief in another forum." We agree that relief should be available in federal district court and/or the Federal Circuit Court of Appeals. The Department of Justice, however, has argued that relief is *not* available to Ms. Esparraguera in *either* forum. Regardless, the potential availability of relief elsewhere is not a limitation on OSC's ability to seek corrective action. Particularly given the Department of Justice's insistence that no relief is available elsewhere, OSC should seek corrective action here.

Sincerely,

Debra L. Roth
Christopher J. Keeven
Conor D. Dirks