## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARIA ESPARRAGUERA,

   *Plaintiff*,

  v.

U.S. DEPARTMENT OF THE ARMY et al.,

   *Defendants*.

Civil Action No. 22-1109 (TJK)

## <u>MEMORANDUM</u>

Plaintiff concedes that she filed this suit to intentionally present claims this Court has already rejected.  Thus, the Court ordered her to show cause why it should not be dismissed.  Both parties responded to that Order, and both agreed the case should be dismissed, although for different reasons.  After considering both parties' positions, the Court will dismiss the claims in the complaint as res judicata.

### I. Background

This case follows a prior dispute between the same Plaintiff and Defendants: *Esparraguera v. Department of the Army*, No. 21-CV-421 (TJK), 2022 WL 873513 (D.D.C. Mar. 24, 2022).  Plaintiff—in both cases—challenges her removal "from a select group of senior civil servants" within the U.S. Army.  *Id.* at *1; *see also* ECF No. 1 ("Complaint") ¶ 144.  In fact, her complaint in this case duplicates her prior one except that it adds six paragraphs describing her attempts to exhaust her claims administratively.  *See* Complaint ¶¶ 207–12; Complaint, *Esparraguera*, No. 21-CV-421, ECF No. 1 ("Prior Complaint").  The Court dismissed the prior case, partly for lack of subject-matter jurisdiction and in remaining part on the merits.  Order, *Esparraguera*, No. 21-CV-

421, ECF No. 27.  Plaintiff's appeal of that Order is still pending.  *See Esparraguera v. Dep't of the Army*, No. 22-5150 (D.C. Cir. filed May 20, 2022).

Plaintiff explains that she filed this case to address a potential argument on appeal.  She seeks to fend off the contention that she failed to exhaust her administrative remedies through a complaint with the Office of Special Counsel (OSC).  ECF No. 4 at 2.  Before the Court dismissed her prior case, she filed such an administrative complaint, which led to no action.  *Id.*  She intended to amend her complaint in the prior case to add allegations about OSC's processing of her griev-ance.  *Id.* at 2–3.  But this Court's dismissal prevented that amendment.  *Id.* at 3.  She is thus concerned that the D.C. Circuit may hold that exhaustion before the OSC is a jurisdictional predi-cate to suit and affirm this Court's judgment on that ground, leaving her without a merits decision.  *Id.*  She filed this case, she says, to "avoid that potential for delay and ensure the court of appeals can address this Court's actual grounds for dismissal."  *Id.*

While preserving her position on the merits, she asks this Court to "dismiss this case on the same grounds" as the prior case.  ECF No. 4 at 3.  That is, she asks the Court to hold again that her claim under the Administrative Procedure Act (APA) is barred by the Civil Service Reform Act (CSRA) and that her claim based on the Due Process Clause of the Fifth Amendment fails because she does not allege the deprivation of property in which she had a constitutionally pro-tected interest.  *See Esparraguera*, 2022 WL 873513, at *3, *5.  If the Court does so, she explains that she "will ask the D.C. Circuit to review this Court's [prior] decision . . . together with any dismissal in this case."  ECF No. 4 at 4.

Defendants ask the Court to dismiss this case as res judicata.  They say Plaintiff's claims "arise[ ] from the same transaction and involve[ ] a common nucleus of operative facts" as her prior claims.  ECF No. 7 at 1 (alterations adopted and quotation omitted).  And Plaintiff, they say,

does not dispute that characterization. *Id.* at 2 (noting Plaintiff's statement that the complaint here "'stands or falls together with the' prior action" (quoting ECF No. 4 at 1)). They contend that the doctrine of res judicata bars both her APA and due-process claims. *Id.* at 2–3.

## II.   Analysis

The Court agrees with Defendants. Res judicata refers to the preclusive effect of judgments on future litigation. *See generally* 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* ("Wright & Miller") §§ 4401–05, Westlaw (3d ed.) (database updated Apr. 2022). It has two components: claim preclusion and issue preclusion. *Id.* § 4402. Both are relevant here.

### A.    Claim Preclusion Bars Plaintiff's Due-Process Claim

Claim preclusion means that "a final judgment on the merits in a prior suit involving the same parties or their privies bars subsequent suits based on the same cause of action." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946–47 (D.C. Cir. 1983). Deciding whether two asserted causes of action are identical requires courts to assess factors such as whether the pleaded facts are the same or the same "primary right" underlies the actions. *Id.* at 947–48.

That inquiry is easy here. Plaintiff's complaint asserts the same two claims for relief as her prior complaint, one based on the APA and one based on the Due Process Clause of the Fifth Amendment. *Compare* Complaint ¶¶ 213–49, *with* Prior Complaint ¶¶ 207–43. Not only do her sets of claims share a "common nucleus of operative facts," *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp. Inc.*, 140 S. Ct. 1589, 1595 (2020) (quotation omitted), but the claims for relief in the two complaints are word-for-word identical. *Compare* Complaint ¶¶ 213–49, *with* Prior Complaint ¶¶ 207–43. The additions to the new complaint concern only the jurisdictional conse-

quences of Plaintiff's administrative exhaustion or lack thereof.  *See* Complaint ¶¶ 207–212.  Exhaustion is not a substantive basis for relief, so it does not relate to a new cause of action.[1]  Claim preclusion thus applies if Plaintiff's claims earlier resulted in a "final judgment on the merits." *I.A.M. Nat'l Pension Fund*, 723 F.2d at 946–47.

The Court dismissed Plaintiff's due-process claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  *Esparraguera*, 2022 WL 873513, at *3–5.  And such a dismissal is a final judgment on the merits.  *Brownback v. King*, 141 S. Ct. 740, 748 (2021); *see also Swanson v. Howard Univ.*, 249 F. Supp. 3d 259, 265 (D.D.C. 2017).  Thus, all four elements of claim preclusion—"prior litigation (1) involving the same claims or cause of action, (2) between the same parties . . . [,] (3) [resulting in] a final, valid judgment on the merits, (4) by a court of competent jurisdiction"—are satisfied for that claim, and Plaintiff may not raise it again.  *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006).

## B.    Issue Preclusion Bars Plaintiff's APA Claim

The story is slightly different for Plaintiff's APA claim.  The Court dismissed that claim for lack of subject-matter jurisdiction.  *Esparraguera*, 2022 WL 873513, at *2–3.  Such dismissals are not judgments on the merits, so they cannot produce claim preclusion.  *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1248 (D.C. Cir. 1999).  That is where issue preclusion becomes relevant.

Issue preclusion, as the name suggests, applies not to claims but to the "relitigation of issues actually adjudicated, and essential to the judgment, in a prior litigation between the same parties." Wright & Miller § 4402.  So once a court has dismissed a claim for want of jurisdiction, the parties

---

[1] *Cf. Davis v. Passman*, 442 U.S. 228, 237 (1979) (explaining that the traditional meaning of "cause of action" is an "alleged invasion of recognized legal rights upon which a litigant bases his claim for relief" (quotations omitted)).

cannot "relitigate[e] . . . the precise issue of jurisdiction that led to the initial dismissal." *Jackson v. Office of the Mayor of the D.C.*, 911 F.3d 1167, 1171 (D.C. Cir. 2018) (quotation omitted). Even though Plaintiff seeks the same resolution as in the prior case—a jurisdictional dismissal under the CSRA, ECF No. 4 at 1–2—that position amounts to relitigation of a decided issue. Once an issue has been preclusively decided, even "a second consideration of the same jurisdictional claims" is forbidden. *GAF Corp. v. United States*, 818 F.2d 901, 912 n.72 (D.C. Cir. 1987) (quotation omitted). The Court must dismiss Plaintiff's APA claim, not because it lacks subject-matter jurisdiction, but because it has already *decided* that it lacks subject-matter jurisdiction. *See St. Pierre v. Norton*, 498 F. Supp. 2d 214, 221–22 (D.D.C. 2007) (dismissing claims after concluding they were barred by issue preclusion).

### C.    Res Judicata Is Appropriate in this Posture

Two more aspects of this case bear mentioning. First, it does not matter that no party has moved to dismiss. *See* Minute Order of Apr. 26, 2022 (suggesting that the Court might dismiss sua sponte). "[R]es judicata belongs to courts as well as to litigants." *Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997). Thus, the Court may raise the issue sua sponte. *Id.*

Second, res judicata principles apply even if an appeal is pending in the first action. *Hunt v. Liberty Lobby, Inc.*, 707 F.2d 1493, 1497 (D.C. Cir. 1983); *see also generally* Wright & Miller § 4433. Thus, courts in this district have dismissed claims as res judicata even while courts of appeals were still considering the correctness of the judgment that produced the preclusive effect. *See, e.g.*, *Wilson v. Fullwood*, 772 F. Supp. 2d 246, 262–64 (D.D.C. 2011); *Nader v. D.N.C.*, 590 F. Supp. 2d 164, 169–70 (D.D.C. 2008); *Davenport v. Djourabchi*, No. 16-CV-2445 (ABJ), 2022 WL 4598573, at *7–11 (D.D.C. Sept. 30, 2022). This Court will do the same.

**III.**    **Conclusion**

For all the above reasons, the Court will dismiss Plaintiff's claims as res judicata.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: December 14, 2022